## El Dorado Farmers' Union Warehouse Company
### v. Eubanks.

### Opinion delivered March 28, 1910.

Corporations—liability of subscriber.—One who subscribed for a share in a corporation to be formed for the purpose of erecting and operating a cotton warehouse at a certain place cannot be compelled by

reason of such subscription to take stock in a corporation organized for "the purchase, operation and maintenance of cotton compresses, gins, grain elevators, wharves and public warehouses for the storage of any and all kinds of produce and commodities and the purchase and sale of same, and the carrying on of a general warehouse business."

Appeal from Union Circuit Court; *George W. Hays,* Judge; affirmed.

*W. M. Van Hook* and *Powell & Taylor,* for appellant.

The defendant is liable on his subscription.    64 Ark. 637; 70 Ark. 451; 80 Ark. 543; 86 Ark. 287.

*Marsh & Flenniken* and *Warren & Smith,* for appellee.

Appellant could not sue for subscription after all the shares authorized by its charter had been taken.    24 N. Y. 159.

HART, J.    This is an action by the Farmers' Union Warehouse Company, a corporation, to recover from the defendant, C. D. M. Eubanks, twenty-five dollars upon his subscription to stock in said corporation.    It was begun before a justice of the peace.    The judgment of the circuit court was in favor of the defendant, and the plaintiff has duly prosecuted an appeal to this court.

The facts are undisputed, and involve the single proposition as to the liability of the defendant to pay twenty-five dollars alleged to be due plaintiff on a subscription to stock.    The contract was in writing, and recites that defendant subscribed for one share of twenty-five dollars in a corporation to be formed for the purpose of erecting and operating a cotton warehouse at or near El Dorado in Union County, Arkansas.

The corporation was organized, and its charter, among other things, provides:

"Third.    The place of business is to be located at El Dorado, Union County, Arkansas, and its office for the transaction of business shall be in El Dorado, Arkansas, or at such other place as the board of directors may select.

"Fourth.    The general nature of the business proposed to be transacted by this corporation is the purchase, operation and maintenance of cotton compresses, gins, grain elevators, wharves and public warehouses for the storage of any and all kinds of produce and commodities and the purchase and sale of same, and the carrying on of a general warehouse business."

"A material modification of the plan of a proposed corporation, so that the actual charter differs essentially from the corporation as contemplated by the subscription contract signed before incorporation, releases such of the subscribers as object thereto." Cook on Corporations (6 ed.), § 194; see also 10 Cyc. 405.

"Where the amount and nature of the capital stock, the business the corporation proposed to engage in and the situs of its organization are set out in the contract of subscription, a subscriber may defend an action on such subscription where, without his consent, and in the absence of estoppel or waiver, the corporation organized is different in purpose and character, or has a different capital, or varies in any essential particular, from the corporation described in the subscription contract. On this theory, a subscriber who contracted to take stock in a corporation to be formed for a particular and specified purpose can not, without his consent, be compelled to pay money towards the formation even for an additional **and distinct purpose.** In an action to enforce a subscription made to a corporation to be organized for a certain purpose, where a subscriber defended on the ground that the corporation had been organized for objects and purposes additional and different from that stated in the contract of subscription, it was claimed on behalf of the corporation that for the purposes of the organization of the corporation the subscribers who met and organized it were the agents of the subscribers not present. 'The answer to this contention,' said the court, 'is that if the subscribers with defendant are to be deemed his agents in the formation of a corporation, *the extent of their authority as such agents only went to the formation of such a corporation as had been agreed upon, and when they went beyond the bounds thus set they exceeded, as against the non-consenting defendant, their authority, and their acts as to him were void.*" 4 Thompson on Corporations (2 ed.), § 3838. Many cases are cited illustrating the rule; but no useful purpose can be served by reviewing them here, for the application of the principle must be applied to the state of facts presented in each case.

In the subscription contract in the present case certain persons were appointed as a board of trustees for the subscrib-

ers, but their authority to act for them was expressly limited to powers therein set forth.  The subscription contract provided that they should organize a corporation for the purpose of erecting and operating a cotton warehouse at or near El Dorado, Arkansas.  No other purpose was mentioned in the contract, and it is manifest from the language of the instrument that none other was contemplated by the persons executing it.  We recognize the well-established rule that when express power is granted to do a particular thing, this carries with it, by implication, the right to do any act which may be found reasonably necessary to effect the power expressly granted; but we do not think it can be said that the new and additional purposes named in the articles of incorporation can be said to be incidental to, or reasonably necessary to, the construction and operation of a cotton warehouse.  It may be readily seen that a person might be perfectly willing to pay money and assume the responsibility of a stockholder in a corporation organized for the purpose of erecting and operating a cotton warehouse at a particular place, and still might be unwilling to embark in an enterprise which had for its object the erection of grain elevators at the same or a different place, as the board of directors might elect, or engage in the business of buying and selling grain.  Such business is entirely distinct from, and in no sense an aid or adjunct to, the business of a cotton warehouse company.  The formation of a corporation for the purpose and object expressed in the subscription contract was a condition precedent to the right of the plaintiff to recover.  Instead of complying with the condition, new and additional powers essentially different from that provided in the subscription contract appeared in the articles of incorporation as formed, and thus enlarged the original undertaking and added new responsibilities and new hazards upon the corporation.  Such act was a substantial departure from the plan originally contemplated as shown by the subscription contract, and constituted a breach of it, which released the dissenting stockholders from liability on their subscription contract.

Therefore it necessarily follows that the judgment must be affirmed.